JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VIA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF FAIRFIELD, a municipal corporation; CADE BECKWITH, individually, and in his capacity as a police officer for the CITY OF FAIRFIELD; STEVE TROJANOWSKI, SR., individually, and in his official capacity as a police officer for the CITY OF FAIRFIELD; STEVE TROJANOWSKI, JR., individually, and in his official capacity as a police officer for the CITY OF FAIRFIELD; JIMMIE WILLIAMS, individually and in his official capacity as a police officer for the CITY OF FAIRFIELD; and, Fairfield police officers DOES 1-25, inclusive,<br><br>    Defendants.<br>_____ / | Case No.  2:10-3202 WBS DAD<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of Solano, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, THOMAS VIA ("VIA"), is and was at all times herein mentioned readily recognizable as an African-American and is a citizen of the United States residing in Solano County in California.

3. Defendant City of Fairfield ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The City operates under its authority the Fairfield Police Department.

5. At all times mentioned herein, Defendant CADE BECKWITH ("BECKWITH") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as police officer for the City.

6. At all times mentioned herein, Defendant STEVE TROJANOWSKI, SR. ("TROJANOWSKI, SR.") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as police officer for the City

7. At all times mentioned herein, Defendant STEVE TROJANOWSKI, JR., ("TROJANOWSKI, JR.") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as police officer for the City.

8. At all times mentioned herein, Defendant JIMMIE WILLIAMS ("WILLIAMS") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as police officer for the City

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

10. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

**STATEMENT OF FACTS**

10.     On May 8, 2006, a Sunday, in the late afternoon, Plaintiff THOMAS VIA'S ex-girlfriend, Brenda Millner, was arrested on charges of commercial burglary from Sears in the Solano Mall, located in Fairfield, CA.

11.     At the time of Ms. Millner's arrest, Plaintiff was at home at 2123 Madrone Drive in Fairfield, CA, and was not involved in any criminal activity. Plaintiff is a longtime jet engine mechanic for United Airlines and is also an instructor at Solano Community College in the subjects of business, welding, and engineering.

12.     Shortly after Ms. Millner was arrested, Defendant BECKWITH telephoned Plaintiff at Plaintiff's residence. Plaintiff had been asleep when his phone rang. Defendant BECKWITH inquired about Ms. Millner's grandson, and told Plaintiff that Ms. Millner had reported her grandson had been kidnapped.  This was a fabrication by Ms. Millner that she used to falsely justify her criminal conduct, which she falsely claimed was necessary to pay a ransom.  Ms. Milner did not indicate that Plaintiff was involved in this alleged kidnapping.

13.     Plaintiff told Defendant BECKWITH, who happened to be at Plaintiff's neighbor's house across the street, that the Fairfield Police Department had possession of Plaintiff's vehicle, a 1997 Lincoln Mark VIII, and that Plaintiff could retrieve the vehicle from the parking lot of the Solano County Mall.  Defendant BECKWITH asked Plaintiff to call Defendant Officer TROJANOWSKI, JR. to make plans to retrieve his vehicle.  Plaintiff called the number provided by Defendant BECKWITH, and was connected to voicemail at the Fairfield Police Department. Plaintiff left a message requesting a call back.

14.     Plaintiff called Defendant BECKWITH back, and was told that Defendant TROJANOWSKI had ordered his car be impounded.  Plaintiff received several calls from Ms. Millner and friends of Ms. Millner also came to Plaintiff's house, for the purpose of posting bail for Ms. Millner.  During one of telephone calls with Ms. Millner, Ms. Millner wondered why she was being treated badly the officer who was present with her in the holding cell, Defendant TROJANOWSKI, JR. Plaintiff, who was on Ms. Millner's speaker phone, told Ms. Millner not to expect to be treated fairly by Fairfield Police Department officers, since she was an African-

American woman. Plaintiff also told Ms. Millner that the Fairfield Police Department was corrupt. After Plaintiff made these statements, Ms. Millner informed Plaintiff that he was on speakerphone. Plaintiff alleges Defendant Officer TROJANOWSKI, Jr. was present and heard Plaintiff make these charged statements.

15. A bail-bondsman also called and told Plaintiff that with proof of Plaintiff's union membership in the California Teacher's Association, Plaintiff would get a 20% discount. At about 1:30 a.m., Plaintiff went by his office at Solano Community College to pick up his CTA union membership card. Then Plaintiff returned home, after he was unable to withdraw the necessary funds to post bail from the ATM, and went back to sleep. Then, after 2:00 a.m., Plaintiff's telephone rang, and Defendant TROJANOWSKI, SR. was on the other end of the phone, accusing Plaintiff of threatening him by telephone at some point in time earlier. Plaintiff never made any such phone call and never made any such threat or threats.

16. About 7:00 a.m. on May 9, 2006, Defendant TROJANOWSKI, SR. called Plaintiff several times demanding to know why Plaintiff had made a threatening phone call. Plaintiff had never made any such phone call and denied making any such phone call. Then, at about 2:30 p.m. on May 9, 2006, Defendant TROJANOWSKI, SR., called Plaintiff again and surreptitiously, without Plaintiff's knowledge or consent, recorded a portion of the telephone conversation. Defendant Officer TROJANOWSKI, SR. later booked into evidence the secretly recorded portion of conversation between he and Plaintiff, consisting of Defendant Officer TROJANOWSKI, SR. asking Plaintiff where he got his number from, and Plaintiff responding to the question with a question of his own, asking where people obtained phone numbers from.

17. Defendants TROJANOWSKI, SR. and BECKWITH prepared false police reports pertaining to alleged criminal conduct falsely attributed to Plaintiff, including allegations that Plaintiff had threatened a Fairfield Police Department officer over the telephone. False claims by Defendant Officer TROJANOWSKI, JR. were included in the police reports. Each Defendant knew these claims of criminal conduct against Plaintiff were false at the time they prepared their police reports. Each Defendant also knew that the police reports they prepared would be submitted to the District Attorney for purposes of charging Plaintiff with crimes arising out of Defendants' false

allegations.  Subsequent to the last telephone conversation Plaintiff had with Defendant TROJANOWSKI, SR. on may 9, 2006, Defendant TROJANOWSKI, SR. requested criminal charges be filed against Plaintiff, and an arrest warrant issued, when Defendant TROJANOWSKI, SR. knew the charges against Plaintiff were fabricated claims.

18.     About one week later, on May 13, 2006, Defendant Officer WILLIAMS served an arrest warrant on Plaintiff at his residence, based on the fabricated claims by Defendant Officers TROJANOWSKI, JR. and his father, TROJANOWSKI, SR.  On May 13, 2006, at about 7:40 a.m., Plaintiff walked out of his house to go to work.  Plaintiff got in his car to go to work, but forgot his asthma medication, a fresh inhaler and Claritin. Plaintiff possessed an older inhaler. He returned home to get his asthma medication. Plaintiff exited his 1993 Lincoln Mark VIII, and was suddenly tased in the back by Defendant Officer WILLIAMS, without any warning whatsoever. Plaintiff was on crutches and fell to the ground upon being tased. Plaintiff could not breathe, and was able to use the old inhaler in his possession which allowed Plaintiff to breathe.

19.     Defendant Officer WILLIAMS held a canister of OC spray pointed at Plaintiff and threatened to spray him.  Ms. Millner, who was at Plaintiff's residence, although not living there, told Defendant Officer WILLIAMS that Plaintiff had a history of irregular heart beat.  Defendant Officer WILLIAMS did not spray Plaintiff.  Other officers arrived, and handcuffed Plaintiff. Plaintiff suffered a seizure while being handcuffed.  An ambulance arrived at the scene and transported Plaintiff to North Bay Medical Center in Fairfield.  Defendant Officer WILLIAMS prepared his own false police report, which maliciously and falsely claimed that Plaintiff had resisted him after Officer WILLIAMS informed Plaintiff there was a warrant for his arrest.  Defendant Officer WILLIAMS never told Plaintiff there was a warrant for his arrest, and used force against Plaintiff without affording Plaintiff any opportunity to comply with the officer.  Defendant Officer WILLIAMS also knew that the false police report he prepared would be used to maliciously prosecute Plaintiff, subjecting Plaintiff to facing more false criminal charges.

20.     Plaintiff was in jail for about 3 to 4 hours after he was released from the hospital. Plaintiff paid a bail bondsman approximately $1700 to bail out of jail.  Plaintiff was arraigned on false criminal charges stemming from the subject-incidents on May 8, 9, and 13 about two weeks

after he was released from custody.  Plaintiff made numerous court appearances to defend against the false charges.  Plaintiff faced a preliminary hearing on the false criminal charges, at which Defendants TROJANOWSKI, SR. and BECKWITH testified falsely against Plaintiff. Plaintiff was bound over on all false criminal charges.

21. Plaintiff made further court appearances to defendant against the false charges.  On May 26, 2010, the false charge of violation penal code 148, based on the false police report by Defendant Officer WILLIAMS, was dismissed.  On September 14, 2010, all remaining criminal charges against Plaintiff were dismissed.

22. Plaintiff VIA filed a government tort claim with Defendant CITY regarding the subject-incident on November 6, 2006, within six-months of the subject-incident in compliance with the Government Tort Claims Act.  Defendant CITY rejected Plaintiff VIA's government tort claim effective on December 21, 2006.

23. The arrest and use of force against Plaintiff VIA described herein was malicious, and done without any just cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

24. As a proximate result of Defendants' conduct, Plaintiff VIA suffered wrongful arrest, physical injuries, incarceration and malicious prosecution.  Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as United States citizens.

25. As a further proximate result of Defendants' conduct, Plaintiff was held in custody for less than one day, and made numerous court appearances and fought false criminal charges over the course of approximately four years before the false charges were finally dismissed. Plaintiff also suffered wage loss, lost employment and benefits, and filed for bankruptcy, both Chapter 7 and 13. Plaintiff nearly lost his home in foreclosure.  Plaintiff's pre-existing leg injury was re-injured, and Plaintiff had two more heart surgeries, including a heart ablation, as a consequence of the subject-incident. Plaintiff also suffered a back injury and carpal tunnel to his wrists because the handcuffs were applied improperly, and unreasonably tightly against the wrists.  Plaintiff suffered medical expenses.

26. The conduct of defendant officers BECKWITH, TROJANOWSKI, SR., TROJANOWSKI, JR., WILLIAMS, and DOES 1-10 was malicious, wanton, and oppressive. Plaintiff are therefore entitled to an award of punitive damages against said defendant police officers of the CITY.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officers BECKWITH, TROJANOWSKI, SR., TROJANOWSKI, JR., WILLIAMS and DOES 1-10)

28. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. In doing the acts complained of herein, Defendants BECKWITH, TROJANOWSKI, SR., TROJANOWSKI, JR, WILLIAMS, and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff's action specifically includes, but is not limited to, a claim for malicious prosecution that wrongfully kept Plaintiff facing criminal charges, by Defendant Officers BECKWITH, TROJANOWSKI, SR., TROJANOWSKI, JR., WILLIAMS, and DOES 1-10, intentionally deceiving the District Attorney's office into filing and pursuing false criminal charges against Plaintiff;

    b.      The right to be free from arrest without probable cause by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Assault and Battery)
(Against Defendants WILLIAMS, and DOES 1-10)

30.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31.    Defendants WILLIAMS and DOES 1-10, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by wrongfully using force against Plaintiff VIA without any just provocation or cause.

32.    These defendants' conduct was neither privileged nor justified under statute or common law.

33.    As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants WILLIAMS, and DOES 1-10)

34.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35.    The conduct of Defendants WILLIAMS, and DOES 1 through 10, inclusive, as set forth herein during the false, unjustified, and brutal arrest of Plaintiff VIA, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic

and civilized society.  Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

36.     As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress.  Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants WILLIAMS, and DOES 1-10)

37.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36 of this complaint.

38.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendants WILLIAMS, and DOES 1 through 10, inclusive, as described herein during the false, unjustified and brutal arrest of Plaintiff VIA, was motivated by racial prejudice against Plaintiff.  Plaintiff is and was readily recognizable as African-American.  In engaging in such conduct, Defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

39.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

40.     As a proximate result of Defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants WILLIAMS, and DOES 1-10)

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. The conduct of Defendants WILLIAMS, and DOES 1 through 10, inclusive, as described herein during the false, unjustified and brutal arrest of Plaintiff VIA, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights and failed to make a proper or reasonable arrest of Plaintiff.

43. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of their constitutional rights, and suffered damages as set forth herein.

44. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

45. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff pray for relief, as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Negligence)
(Against Defendants WILLIAMS, and DOES 1-10)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

47. At all times herein mentioned, Defendants WILLIAMS and DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to

persons through their use of force and in making arrests. The wrongful conduct of Defendants, as set forth herein during the arrest of Plaintiff VIA, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants during the arrest of Plaintiff VIA.

48. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

1. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $1,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendant CITY OF FAIRFIELD from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, falsely arresting people, and/or subjecting people malicious prosecution, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: July 8, 2011                                    **THE LAW OFFICES OF JOHN L. BURRIS**


_/s/Benjamin Nisenbaum_
John L. Burris
Benjamin Nisenbaum
Attorneys for Plaintiff
THOMAS VIA